

REDACTED COPY



FILED
APR 21 2021
CLERK, U S DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DONALD TREVINO (1),<br>  A/K/A "FLUFFY", "D", "UNO", "GORDO";<br>RODOLFO VILLALOBOS (2),<br>  A/K/A "FLUFFY", "CHUBS", "ORO";<br>DAVID BOTELLO (3),<br>  A/K/A "TORITO", "BULLY", "BULLY-MAN";<br>JOSEPH LLOYD VONALLMAN (4),<br>  A/K/A "JV";<br>DAVID CORTEZ JR. (5),<br>  A/K/A "TAZMANIAN", "TAZ";<br>MOSES CHAVEZ (6),<br>  A/K/A "MOE", "MIGHTY MOUSE";<br>NICHOLAS NEAVES (7),<br>  A/K/A "SNOOPSTER", "SNOOP";<br>RICHARD AGUEROS III (8),<br>  A/K/A "HERC";<br>LUZ DEL CARMEN VELARDE-CAMPOS (10),<br>  A/K/A "PRIMA";<br>AARON MUNIZ (11),<br>  A/K/A "PRIMO";<br>ISABEL HERNANDEZ-GARCIA (12);<br>▮▮▮▮▮▮▮▮▮▮▮▮<br><br>Defendants. | **FIRST SUPERSEDING INDICTMENT**<br><br>Case No.: SA-20-CR-00454-OLG<br><br>**COUNT ONE:** 21 U.S.C. §846, 841(a)(1), 841(b)(1)(A) – Conspiracy to Possess with Intent to Distribute More Than 500 Grams of a Mixture or Substance Containing Methamphetamine<br><br>**COUNT TWO:** 21 U.S.C. §841(a)(1), 841(b)(1)(A) – Possession with Intent to Distribute More Than 50 Grams of a Mixture or Substance Containing Methamphetamine<br><br>**COUNT THREE:** 21 U.S.C. §841(a)(1), 841(b)(1)(B) – Possession with Intent to Distribute More Than 100 Grams of a Mixture or Substance Containing Heroin<br><br>**COUNT FOUR:** 21 U.S.C. §841(a)(1), 841(b)(1)(A) – Possession with Intent to Distribute More Than 50 Grams of a Mixture or Substance Containing Methamphetamine<br><br>**COUNT FIVE:** 21 U.S.C. §841(a)(1), 841(b)(1)(A) – Possession with Intent to Distribute More Than 500 Grams of a Mixture or Substance Containing Methamphetamine<br><br>**COUNT SIX:** 21 U.S.C. §841(a)(1), 841(b)(1)(B) – Possession with Intent to Distribute More Than 100 Grams of a Mixture or Substance Containing Heroin<br><br>**COUNT SEVEN:** 18 U.S.C. §922(g)(1) - Felon in Possession of a Firearm<br><br>**COUNT EIGHT:** 21 U.S.C. §841(a)(1), 841(b)(1)(C) – Possession with Intent to Distribute Cocaine<br><br>**COUNT NINE:** 18 U.S.C. §922(g)(1) - Felon in Possession of a Firearm |

|  | **COUNT TEN:** 18 U.S.C. §922(g)(1) - Felon in Possession of a Firearm<br><br>**COUNT ELEVEN:** 21 U.S.C. §841(a)(1), 841(b)(1)(B) - Possession with Intent to Distribute More Than 100 Grams of a Mixture or Substance Containing Heroin<br><br>**COUNT TWELVE:** 18 U.S.C. §922(g)(1) - Felon in Possession of a Firearm<br><br>**COUNT THIRTEEN:** 18 U.S.C. §924(c) - Possession of a Firearm in Furtherance of a Drug Trafficking Crime<br><br>**COUNT FOURTEEN:** 21 U.S.C. §841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2 - Possession with Intent to Distribute More Than 50 Grams of a Mixture or Substance Containing Methamphetamine |
|---|---|

THE GRAND JURY CHARGES:

<u>**COUNT ONE**</u>
**[21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)]**

That beginning in or around July 2020, the precise date unknown, and continuing to on or about September 23, 2020, in the Western District of Texas, Defendants

**DONALD TREVINO (1);**
**RODOLFO VILLALOBOS (2);**
**DAVID BOTELLO (3);**
**DAVID CORTEZ JR. (5);**
**MOSES CHAVEZ (6);**
**NICHOLAS NEAVES (7);**
**RICHARD AGUEROS III (8);**
**LUZ DEL CARMEN VELARDE-CAMPOS (10);**
**AARON MUNIZ (11); and**
**▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓**

did knowingly and intentionally combine, conspire, confederate and agree together and with each other, and with other persons known and unknown to the Grand Jury, to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable

2

amount of methamphetamine, a Schedule II controlled substance, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A).

PENALTY ENHANCEMENT

Before **DONALD TREVINO (1)** committed the offense charged in this count, **DONALD TREVINO (1)** had a final conviction for a serious violent felony, namely, Aggravated Robbery under Texas Penal Code Section 29.03, for which he served more than 12 months of imprisonment.

Before **DONALD TREVINO (1)** committed the offense charged in this count, **DONALD TREVINO (1)** had a final conviction for a serious drug felony, namely, Conspiracy to Distribute a Controlled Substance, Which Offense Involved 100 Grams or More of a Mixture or Substance Containing a Detectable Amount of Heroin, and 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, under Title 21, United States Code, Section 846, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before **RODOLFO VILLALOBOS (2)** committed the offense charged in this count, **RODOLFO VILLALOBOS (2)** had a final conviction for a serious violent felony, namely Aggravated Assault with a Deadly Weapon (Repeater) under Texas Penal Code Section 22.02(a)(2), for which he served more than 12 months of imprisonment.

Before **DAVID BOTELLO (3)** committed the offense charged in this count, **DAVID BOTELLO (3)** had a final conviction for a serious violent felony, namely Murder, for which he served more than 12 months of imprisonment.

Before **DAVID BOTELLO (3)** committed the offense charged in this count, **DAVID**

**BOTELLO (3)** had a final conviction for a serious violent felony, namely Aggravated Robbery with a Deadly Weapon, for which he served more than 12 months of imprisonment.

Before **NICHOLAS NEAVES (7)** committed the offense charged in this count, **NICHOLAS NEAVES (7)** had a final conviction for a serious violent felony, namely, Aggravated Robbery under Texas Penal Code 29.03, for which he served more than 12 months of imprisonment.

Before ▮▮▮▮▮▮▮▮ committed the offense charged in this count, ▮▮▮▮▮▮▮▮ had a final conviction for a serious violent felony, namely, Aggravated Assault with a Deadly Weapon under Texas Penal Code Section 22.02(a)(2), for which he served more than 12 months of imprisonment.

Before ▮▮▮▮▮▮▮▮ committed the offense charged in this count, ▮▮▮▮▮▮▮▮ had a final conviction for a serious drug felony, namely, Aiding and Abetting Possession with Intent to Distribute Heroin, under Title 21, United States Code, Section 841 and Title 18, United States Code, Section 2, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT TWO
### [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)]

That on or about July 28, 2020, in the Western District of Texas, Defendant

**DAVID BOTELLO (3)**

did knowingly, intentionally and unlawfully possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## PENALTY ENHANCEMENT

Before **DAVID BOTELLO (3)** committed the offense charged in this count, **DAVID BOTELLO (3)** had a final conviction for a serious violent felony, namely Murder, for which he served more than 12 months of imprisonment.

Before **DAVID BOTELLO (3)** committed the offense charged in this count, **DAVID BOTELLO (3)** had a final conviction for a serious violent felony, namely Aggravated Robbery with a Deadly Weapon, for which he served more than 12 months of imprisonment.

## COUNT THREE
## [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)]

That on or about July 30, 2020, in the Western District of Texas, Defendant

**MOSES CHAVEZ (6)**

did knowingly, intentionally and unlawfully possess with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT FOUR
## [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)]

That on or about August 6, 2020, in the Western District of Texas, Defendants

**RODOLFO VILLALOBOS (2) and**
**ISABEL HERNANDEZ-GARCIA (12)**

did knowingly, intentionally and unlawfully possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

PENALTY ENHANCEMENT

Before **RODOLFO VILLALOBOS (2)** committed the offense charged in this count, **RODOLFO VILLALOBOS (2)** had a final conviction for a serious violent felony, namely Aggravated Assault with a Deadly Weapon (Repeater) under Texas Penal Code Section 22.02(a)(2), for which he served more than 12 months of imprisonment.

## COUNT FIVE
[21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)]

That on or about August 24, 2020, in the Western District of Texas, Defendant

**LUZ DEL CARMEN VELARDE-CAMPOS (10)**

did knowingly, intentionally and unlawfully possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT SIX
[21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)]

That on or about August 26, 2020, in the Western District of Texas, Defendant

**DONALD TREVINO (1)**

did knowingly, intentionally and unlawfully possess with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

PENALTY ENHANCEMENT

Before **DONALD TREVINO (1)** committed the offense charged in this count, **DONALD TREVINO (1)** had a final conviction for a serious drug felony, namely, Conspiracy to Distribute a Controlled Substance, Which Offense Involved 100 Grams or More of a Mixture or Substance Containing a Detectable Amount of Heroin, and 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, under Title 21, United States Code, Section 846, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT SEVEN
## [18 U.S.C. § 922(g)(1)]

That on or about September 18, 2020, in the Western District of Texas, Defendant

**JOSEPH LLOYD VONALLMAN (4),**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit: a Smith & Wesson, model SW40VE, semi-automatic pistol, .40 S&W in caliber; and said firearm had been shipped and transported in interstate and foreign commerce in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT EIGHT
## [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)]

That on or about September 18, 2020, in the Western District of Texas, Defendant

**JOSEPH LLOYD VONALLMAN (4),**

did knowingly, intentionally and unlawfully possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT NINE
### [18 U.S.C. § 922(g)(1)]

That on or about October 2, 2020, in the Western District of Texas, Defendant

### DAVID BOTELLO (3),

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit: a Ruger, model SR9, semi-automatic pistol, 9mm in caliber; and said firearm had been shipped and transported in interstate and foreign commerce in violation of Title 18, United States Code, Section 922(g)(1).

### COUNT TEN
### [18 U.S.C. § 922(g)(1)]

That on or about October 2, 2020, in the Western District of Texas, Defendant

### JOSEPH LLOYD VONALLMAN (4),

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit: a Glock 22, .40 caliber semi-automatic handgun; a Glock 27, .40 caliber semi-automatic handgun; a Sig Sauer P220, 9mm caliber semi-automatic handgun; a Taurus G3c, 9mm caliber semi-automatic handgun; an IWI UZI 9mm caliber semi-automatic pistol; two Century Arms Mini Draco, 7.62mm caliber semi-automatic pistols; and a Glock 17, 9mm caliber semi-automatic handgun; and said firearms had been shipped and

transported in interstate and foreign commerce in violation of Title 18, United States Code, Section 922(g)(1).

### COUNT ELEVEN
### [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)]

That on or about October 2, 2020, in the Western District of Texas, Defendant

**DAVID CORTEZ (5)**

did knowingly, intentionally and unlawfully possess with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

### COUNT TWELVE
### [18 U.S.C. § 922(g)(1)]

That on or about October 2, 2020, in the Western District of Texas, Defendant

**DAVID CORTEZ (5),**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit: a Smith & Wesson SW40VE, .40 caliber semi-automatic handgun; and said firearm had been shipped and transported in interstate and foreign commerce in violation of Title 18, United States Code, Section 922(g)(1).

### COUNT THIRTEEN
### [18 U.S.C. § 924(c)]

That on or about October 2, 2020, in the Western District of Texas, Defendant

**DAVID CORTEZ (5),**

did knowingly possess one or more firearms, to-wit: a Smith & Wesson SW40VE, .40 caliber semi-automatic handgun, in furtherance of a drug trafficking crime for which he may be prosecuted

in a court of the United States, that is, possession with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 United States Code Sections 841(a)(1) & (b)(1)(B), in violation of Title 18, United States Code, Section 924(c).

## COUNT FOURTEEN
[21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2]

That on or about November 10, 2020, in the Western District of Texas, Defendant ▮ did knowingly, intentionally and unlawfully possess, and aid and abet another person to possess, with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18 United States Code Section 2.

## PENALTY ENHANCEMENT

Before ▮ committed the offense charged in this count, ▮ had a final conviction for a serious violent felony, namely, Aggravated Assault with a Deadly Weapon under Texas Penal Code Section 22.02(a)(2), for which he served more than 12 months of imprisonment.

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Drug Violations and Forfeiture Statutes
[Title 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), (b)(1)(B), and (b)(1)(C) subject to forfeiture pursuant to Title 21 U.S.C. § 853(a)(1) and (2)]

As a result of the criminal violations set forth in Counts One through Six, Eight, Eleven, and Fourteen, the United States of America gives notice to the Defendants of its intent to seek the forfeiture of the property described below upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 21 U.S.C. § 853(a)(1) and (2), which states:

> **Title 21 U.S.C. § 853. Criminal forfeitures**
> **(a) Property subject to criminal forfeitures.**
> Any person convicted of a violation of this subchapter or subchapter II punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law.--
> > **(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
> > **(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; . . .

**II.**
**Firearm Violations and Forfeiture Statutes**
**[Title 18 U.S.C. §§ 922(g)(1) and 924(c)(1)(A), subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461]**

As a result of the criminal violations set forth in Counts Seven, Nine, Ten, Twelve and Thirteen, the United States of America gives notice to the Defendants of its intent to seek the forfeiture of the property described below upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461, which states:

> **Title 18 U.S.C. § 924. Penalties**
> > **(d)(l)** Any firearm or ammunition involved in or used in any knowing violation of subsection . . . (g) . . . of section 922 . . . or knowing violation of section 924 . . . shall be subject to seizure and forfeiture . . . under the provisions of this chapter. . . .

This Notice of Demand for Forfeiture includes, but is not limited to, the following property:

### Currency

1. $6,380.00, more or less in United States Currency;
2. $5,977.00, more or less in United States Currency;
3. $873.00, more or less in United States Currency;
4. $29,340.50, more or less in United States Currency;
5. $10,657.00, more or less in United States Currency; and
6. $2,150.00, more or less in United States Currency;

### Firearms

1. Smith & Wesson SW40VE .40 caliber semi-automatic handgun, serial # PDR9549;
2. Ruger SR9 9mm semi-automatic handgun, serial # 331-57393;
3. Glock 22 .40 caliber semi-automatic handgun, serial # BKTG770;
4. Glock 27 .40 caliber semi-automatic handgun, serial # BPKE0950;
5. Sig Sauer P220 9mm semi-automatic handgun, serial # G293091;
6. Taurus G3c 9mm semi-automatic handgun, serial # ABG70733;
7. IWI UZI 9mm semi-automatic pistol, serial # U0000082;
8. Century Arms Mini Draco 7.62mm semi-automatic pistol, serial # PE-9846-2109-RO;
9. Century Arms Mini Draco 7.62mm semi-automatic pistol, serial # PMD-12913-198-RO;
10. Glock 17 9mm semi-automatic handgun, serial # BPGV324;
11. Smith & Wesson SW40VE .40 caliber semi-automatic handgun, serial # DWF2274;
12. Hi Point C9 9mm semi-automatic handgun, serial # P1699869;
13. CMMG M109 5.56mm semi-automatic rifle, serial # FFE00434;
14. Springfield Armory .45 caliber semi-automatic handgun, serial # MG644575;
15. Kimber 9mm semi-automatic handgun, serial # S1160491;
16. Smith & Wesson SD40VE .40 caliber semi-automatic handgun, serial # FWM6701;
17. Any and all firearms, ammunition, and/or firearm accessories involved in or used in the commission of the criminal offense(s).



ASHLEY C. HOFF
UNITED STATES ATTORNEY

BY: _____
ERIC YUEN
Assistant United States Attorney